IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
NORTHEASTERN, ALABAMA DIVISION

| | |
|---|---|
| **DOROTHY GUERRIER**, et al., | ) |
| Plaintiff(s), | ) CASE NO: |
| | ) |
| v. | ) |
| | ) Equitable Relief is Sought |
| **MADISON COUNTY (ALABAMA) DISTRICT ATTORNEY'SOFFICE**, Corporately Individually and Jointly and Its'employees, P. Mark Sandlin, Rebekah A. Callahan, Robert J. Becher, Sr., Melvin Lockett, Lee Leggett, Huntsville Police Department, Rodney White (Retired), D. McDonald, Subway Store # 28, Corporately Individually and Jointly and Its' employees, It's Owners and Subsidiaries. Corporately, Individually and Jointly and Its' employees and the Property Managers and Property Owners of Shopping Center located at 6125 University Drive, Huntsville, Alabama, Parents and Businesses owned by Parents of Ashley Spranlger (Deceased), Briana Perkey, Matthey Henson, Kelly, Swafford, HEMSI, Corporately Individually and Jointly and Its' employees, West Corporation, Corporately Individually and Jointly and Its'employees, Victim Advocate Corporately Individually and Jointly and Its'employees et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ). |

## COMPLAINT OF MISCONDUCT, COLOR OF LAW VIOLATIONS,

## CONTRACT LAW, ETC.,

Pro-se Plaintiff, Dorothy Guerrier, HEREBY referred to as Plaintiff, files this Civil Complaint in the above-scribed cause and moves the Court for entry of judgment in her favor against the above scribed Defendants and avers as follows:

## PARTIES TO CAUSE:

1. Plaintiff is of legal age to bring this legal cause and is a resident of Madison County, Alabama.

2. All of the above Defendants either work in or reside in or near Madison County, Alabama and are equally, independently, congruently, jointly and coherently are adults.

## NATURE OF ACTION, VENUE AND JURISDICTION

3. This is a civil action brought under 42 U.S.C § 1983 seeking redress, damages and injunctive relief against Defendants for committing or allowing others to commit acts of abuse as individuals and as in their judicial capacities where they committed official misconduct of lying to Plaintiff that her cause against Briana Perkey and her accomplishes would be represented by the Prosecutor's office, abuse of legal power, verbal attacks, attempted physical attack (aggravated assault and battery), corruption, bribes, surveillance (Discovery evidence) and racial profiling in violation of color of law, with intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; retaliating against Plaintiff because of her exercise of constitutionally protected

speech about a blatant adulterous act; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff and in doing so neither Defendants possessed any inherent rights as a judicial officer because the actions of each Defendant was clearly intentional without any redress for an act or omission taken in either officer's judicial capacity.

4. This Color of Law lawsuit arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This Court has jurisdiction over this subject matter pursuant to U.S.C. 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure allowing said Plaintiff to be able to sue under the auspices of two enforcement avenues as implied under the statute afore stated or under the provisions as provided by 42 U.S.C. § 1983.

5. Further, Plaintiff lodges this cause due to extreme, outrages, depraved heart, deliberate, premeditated, wanton, unprovoked, unprofessional actions of Defendant Briana Perkey with a deadly weapon caused said Plaintiff to undergo damages stemming from Defendant Perkey's actions causing her intentional infliction of extreme emotional distress.

6. Defendant Rodney White made inappropriate, distasteful and explicit sexually charged advances at teenaged friend of Plaintiff's daughter and told a key witness on behalf of the Plaintiff to the bizarre aggravated assault and battery by Briana Perkey and her accomplishes, to leave.

7. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b) (1) and (b) (2) because the actions addressed here within occurred in this judicial setting; much of the evidence, court documents and the like that are relevant to the cause are maintained in this judicial district as well.

8. Plaintiff suffered the blows of all of the above Defendants' imposition of intentional infliction of extreme emotional distress in violation of all applicable Federal laws and provisions as expressed under Rest. 2d Torts, § 46, com. d.

## FACTS OF THE CASE:

9. Plaintiff was beaten by Defendant Briana Perkey for racial related attacks after she and her accomplishes stole keys from the desk of the Plaintiff's daughter in order to cause her great bodily harm of either sneaking in her car to attack her, to do something to her vehicle or some other deviant action. WHEREAS, Prosecutor Melvin Lockett promised to represent Plaintiff and then made fun of Plaintiff by calling her names and then by making up excuses on behalf of Defendant Briana Perkey because he claimed Officer Rodney White came to being a part of the excuse making for Defendant Briana Perkey.

## CAUSES OF ACTION

## COUNT ONE

## Constitutional and Civil Rights Violations According to 42 U.S.C § § 1983, 1988: Violation of First Amendment Speech Rights (Against All Defendants)

10. Plaintiff incorporates by reference all of the above paragraphs to the above scribed Complaint as if fully stated herein verbatim.

11. At all times, Plaintiff engaged in professional behavior in and out of the courtroom yet was retaliated against at all times which caused her mental, emotional, physical and psychological harm.

## COUNT TWO

## Assault and Battery with a Deadly Weapon (Against Defendant Briana Perkey)

12. Plaintiff incorporates by reference all of the above paragraphs to the above scribed Complaint as if fully stated herein verbatim.

13. Defendant Perkey assaulted Plaintiff with an attempt just short of taking her life.

6

## COUNT THREE

## INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS

## (Against All Defendants)

14. Plaintiff HERE WITHIN incorporates by reference all of the above paragraphs in this Complaint as if fully stated herein verbatim.

15. Plaintiff suffered extreme harm at the hands of the above Defendants' outrageous, unwanted, unprovoked, harmful, racist, discriminatory and offensive behavior.

## COUNT FOUR

## PUNITIVE DAMAGES

## (Against All Defendants)

16. Plaintiff incorporates all of the previously scribed paragraphs in the above scribed Complaint as if fully stated herein verbatim.

17. All of the above scribed Defendant's conduct, as referenced above, constitutes the intentional disregard of the rights of Plaintiff, thereby justifying the imposition of punitive damages, in an amount in excess of one billion dollars ($1,000,000,000.00) and or in an amount deemed just, equitable and fair as determined by a jury.

## DEMAND FOR A JURY TRIAL

Under all applicable laws that apply to the above scribed cause of action, Plaintiff HEREBY PRAYS for the granting of a jury of twelve (12) competent, fair, just and impartial persons.

WHEREBY, Plaintiff respectfully requests that the Court enters an Order granting the following relief:

18. A favorable finding for the Plaintiff against all above Defendants in the above scribed cause.

19. A judgment entry against all Defendants listed above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dorothy Guerrier, HEREBY, requests judgment against all of the above Defendants, named and unnamed, in their individual capacities as well as in their cooperative functions, both jointly and individually, as follows:

20. For the highest declaratory relief possible regarding the unlawful and the unconstitutional acts, practices and tragedies Plaintiff and her daughters were party to at the hands of the above Defendants.

21. For appropriate compensatory damages, as the Court deems fit, fair and appropriate in an amount to be decided upon the cessation of a just and fair trial;

22. For appropriate equitable relief against all above scribed Defendants as permitted by all applicable laws including the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and comprising all applicable laws.

23. As a direct and as a proximate cause, which was the result of Defendant Perkey's bizarre, hateful, rage and threatening off color behavior, Plaintiff suffered from Defendant Perkey's intentional infliction of extreme emotional distress causing the Plaintiff to never be the same and to live in constant fear. The amount of such harm shall be calculated and proven in a fair and open trial.

8

24. Based on the foregoing wrongful conduct by all above Defendants while in their official duties of law capacities, which was with intent, knowingly, willfully, recklessly, grossly negligent, improper and unspeakable, Plaintiff is entitled to an award of punitive damages in the amount of at least one billion dollars ($1,000,000,000.00).

Respectfully submitted,

_____
Dorothy Guerrier, Pro-se Plaintiff

120 East Oakland Park Boulevard

# 105, Oakland Park, Florida 33334

678 740-3735

Dated: 12/14/15

FILED
RECEIVED
2015 DEC 14 P 5:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

CV-15-HGD-2260-NE

## CERTIFIED NOTICE OF DELIVERY

Pro-se Plaintiff Dorothy Guerrier, HEREBY certifies that a True and Accurate copy of the foregoing Complaint was sent or will be sent as soon as possible to all of the above scribed Defendants and or Assigns.

Signed: _____ Dated 12/14/15